IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>HEAVYN B. THOMAS, )<br>)<br>Defendant. ) | No. 3:20-CR-85-RLJ-DCP-2 |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Continue Trial and All Associated Deadlines [Doc. 53], filed on September 29, 2021. Defendant asks the Court to continue the November 2, 2021 trial date because counsel needs additional time—due to facts and circumstances unique to this case—to work with the Government towards a potential resolution of this case. The motion relates that Defendant understands all time is excludable under the Speedy Trial Act and that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of February 8, 2022.

The Court finds Defendant Thomas's Motion to Continue Trial and All Associated Deadlines [Doc. 53] is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense counsel needs additional time to confer with Defendant Thomas regarding plea negotiations and with the Government to pursue a resolution of this case. If negotiations are not fruitful, defense counsel will need additional time to prepare the case for trial. Thus, the Court

concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Motion to Continue Trial and All Associated Deadlines [**Doc. 53**] is **GRANTED**. The trial of this case is reset to **February 8, 2022**. The Court finds that all the time between the filing of the motion on September 29, 2021, and the new trial date of February 8, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Trial and All Associated Deadlines [**Doc. 53**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 8, 2022**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the filing of the motion on **September 29, 2021**, and the new trial date of **February 8, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 7, 2022**;

(5) The parties are to appear before the undersigned for a final pretrial conference on **January 25, 2022, at 10:00 a.m.**;

(6) The deadline for filing motions *in limine* is **January 24, 2022**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **January 28, 2022.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

2

Case 3:20-cr-00085-RLJ-DCP   Document 54   Filed 10/12/21   Page 2 of 2   PageID #: 168